NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted October 18, 2013*

Decided October 23, 2013

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1649

ABDALLA ALSAGLADI,

    *Petitioner*,

    *v.*

ERIC H. HOLDER, JR., Attorney General of the
United States,

    *Respondent*.

Petition for Review of an
Order of the Board of
Immigration Appeals.

## Order

Seven years ago, we denied Abdalla Alsagladi's petition for review of an order requiring his removal to his native Yemen. *Alsagladi v. Gonzales*, 450 F.3d 700 (7th Cir. 2006). An Immigration Judge denied Alsagladi's request for asylum after finding his story not credible; the IJ added that asylum would be denied as a matter of discretion

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b); Judge Sykes replaces Judge Coffey. After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

(because Alsagladi entered this nation by fraud) even if he were eligible for relief. The Board of Immigration Appeals affirmed on the latter ground, and we held that its decision is supported by substantial evidence and not based on a legal error.

Alsagladi then moved to reopen, asserting that country conditions in Yemen had deteriorated. The BIA denied this motion, and Alsagladi did not seek judicial review. In 2012 he filed another motion to reopen, which the Board denied as untimely (the statute allows only 90 days) and barred by the motion filed in 2007 (the statute allows only one motion to reopen). The Board recognized that an otherwise-barred motion could be justified by changed country conditions but observed that Alsagladi had not seriously attempted to show that Yemen was more risky for him in 2012 than it would have been in 2007, when he filed the first motion. Moreover, the Board noted, Alsagladi had not even tried to address the discretionary ruling that he would not receive asylum even if eligible for it.

The petition for review that Alsagladi has filed in this court exhibits the same shortcomings as his motion to the Board. It does not explain what significant new information was presented in 2012 that was not available (or actually presented) in 2007. And it scarcely mentions the ground on which he lost before the Board, and this court, in 2005 and 2006: that his fraudulent entry disqualified him from a favorable exercise of discretion. That ground is as firm today as it was when we issued our original opinion. Alsagladi's position is weaker now than in 2006, given that the current application is years late and exceeds the single motion to reopen that the law allows.

The petition for review is denied.